IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, EX REL.;** § § | | |
| *Plaintiff*, § § | | |
| **v.** § | P:20-CV-00046-DC-DF | |
| § | | |
| **MICHAEL MARC TRAVALINO,** § aka "MARK WHITE EAGLE", § | | |
| *Defendant*. § | | |

## ORDER

BEFORE THE COURT is the Motion for Disqualification of Judge David B. Fannin with Cause (hereafter, "Motion for Disqualification of Judge Fannin") filed on July 22, 2022, by *pro se* Defendant Michael Marc Travalino ("Defendant"). (Doc. 83). Defendant moves for disqualification of Magistrate Judge David Fannin under 28 U.S.C. § 455. *Id.* at 1.

Title 28, United States Code, § 455(a) provides that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Additionally, it mandates disqualification in cases where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b). "Section 455 establishes an objective test such that 'disqualification should follow if the reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *United States v. Watson*, No. A-07-CA-835-SS, 2008 WL 11416963, at *1 (W.D. Tex. Mar. 7, 2008) (quoting *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980)).

Here, Defendant does not state why a "reasonable man" would "harbor doubts" about Judge Fannin's impartiality. (*See* Doc. 83). Defendant claims Judge Fannin has "fail[ed] to have the mandatory credentials to meet" criteria under the anti-bribery provisions of the Foreign Corrupt

Practices Act of 1977, 15 U.S.C. § 78dd-1, *et seq.* (Doc. 83 at 2–3). However, Defendant does not link the provision of "mandatory credentials" to any bias, prejudice, or other reason to question the impartiality of Judge Fannin. (*See id.*). As District Judge David Counts already observed, "[n]either has Defendant shown that [Judge Fannin] has a personal bias or prejudice concerning Defendant." (Doc. 95 at 1 n.1). The Court finds no reason to do so now.

For these reasons, the Court **DENIES** Defendant's Motion for Disquailfication of Judge Fannin. (Doc. 83).

It is so **ORDERED**.

SIGNED this 2nd day of August, 2022.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE