UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>　　*Plaintiff,* | §<br>§<br>§ | |
| v. | § | EP: 20-CV-00046-DC |
| | § | |
| MICHAEL MARC TRAVALINO<br>aka MARC WHITE EAGLE<br>　　*Defendant.* | §<br>§<br>§<br>§ | |

### **[PROPOSED] PERMANENT INJUNCTION**

This matter comes before the Court following a hearing on the United States' application for a Permanent Injunction. Upon consideration of the application pursuant to 18 U.S.C. § 1345 and the entire record in this case, the Court finds that:

1. This Court has jurisdiction over the subject matter of this case and all the parties hereto, and venue in this district is proper.

2. There is probable cause to believe that Defendant has violated and, unless enjoined, will continue to violate 18 U.S.C. §§ 1341 and 1343.

3. This Court previously entered a Preliminary Injunction, enjoining Defendant from the conduct alleged in the United States' application for injunctive relief. The Preliminary Injunction was agreed to by the Defendant. ECF No. 16.

4. The domain name "whiteeaglenativeherbs.net" is registered to Michael Travalino. The reseller web host for this domain is GoDaddy.com, LLC, headquartered at 14455 North Hayden Rd, Ste. 219, Scottsdale, AZ 85260. This domain is being used as an instrumentality of Defendant's crimes.

5. Injunctive relief to protect the public interest is expressly authorized by 18 U.S.C. § 1345. As such, neither a specific finding of irreparable harm, a showing of the inadequacy of

other remedies at law, nor a balancing of the parties' interests is necessary prior to the issuance of a permanent injunction.

6. Even though a showing of irreparable harm is not necessary under Section 1345 in order to obtain injunctive relief, the Court has found that permitting Defendant to continue to perpetrate the alleged mail and wire fraud would constitute irreparable harm and that the balance of the equities and the public interest weigh in favor of injunctive relief.

7. The statutory conditions for granting a permanent injunction under 18 U.S.C. § 1345 are therefore met.

8. Defendant's violations of 18 U.S.C. §§ 1341 and 1343 will continue unless a permanent injunction is issued.

THEREFORE, IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. § 1345 and Rule 65 of the Federal Rules of Civil Procedure, the United States' application for a permanent injunction is GRANTED.

IT IS FURTHER ORDERED that Defendant, his agents, officers, and employees, and all other persons and entities in active concert or participation with him, are enjoined from:

(A)   committing mail fraud, as defined by 18 U.S.C. § 1341;

(B)   committing wire fraud, as defined by 18 U.S.C. § 1343;

(C)   maintaining and doing business through the use of the domain "whiteeaglenativeherbs.net," or any other website that promotes the sale of products claiming to cure COVID-19 or other diseases;

(D)   doing any business involved in the selling, marketing or distributing any product intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease, including COVID-19;

(E)  destroying business records related to Defendant's business, financial, or accounting operations;

(F)  taking any actions designed to interfere with any additional Court orders regarding Defendant's operation of any business involved in the selling, marketing or distributing any product intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease, including COVID-19; and

(G)  taking actions designed to interfere with any additional Court orders regarding the domain "whiteeaglenativeherbs.net."

IT IS FURTHER ORDERED that this permanent injunction is effective as of the date on the signature below.

IT IS FURTHER ORDERED that the United States shall serve a copy of this Permanent Injunction on Defendant by personally serving Defendant at his last known residential address, last known place of business or where he may be physically encountered.

IT IS FURTHER ORDERED, that for every day that Defendant is in violation of this Permanent Injunction, he may be fined up to $1000 per day and face possible incarceration of up to 30 days for each violation.

Pursuant to 18 U.S.C. § 1345(a)(3) and Rule 65(c) of the Federal Rules of Civil Procedure, the United States shall not be required to post security for this action.

SO ORDERED, this the _____ day of _____, 2022.

_____
**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**