### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, EX REL., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | PE:20-CV-00046-DC |
| | § | |
| MICHAEL MARC TRAVALINO, aka "MARK WHITE EAGLE", | § § § | |
| *Defendant*. | § | |

## ORDER

BEFORE THE COURT is Defendant Michael Marc Travalino aka "Mark White Eagle's" ("Defendant") Motion to Dismiss the Complaint (hereafter, "Motion to Dismiss").  (Doc. 91).

On June 1, 2020, the United States of America brought the instant action against Defendant pursuant to 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345, alleging that Defendant violated federal mail and wire fraud statutes.  (Doc. 1).  On July 22, 2022, Defendant filed the instant Motion to Dismiss.  (Doc. 91).  On August 4, 2022, the Court entered a permanent injunction against Defendant for various activities relating to violations of the federal mail and wire fraud statutes.  (Doc. 104).  No response to Defendant's Motion to Dismiss has been filed.[1]  The Court now turns to the merits of the Motion to Dismiss.

The Motion to Dismiss was dead on arrival.  Defendant's motion claims to present as bases for dismissal of the complaint "extrinsic fraud and lack of jurisdiction," premised upon Amendments I, IV, VI, VII, and XIV, of the United States Constitution.  (Doc. 91 at 1).  Yet, the majority of the Motion to Dismiss is dedicated to explaining Defendant's status as a purported "beneficiary" to an unknown trust, absent citations to any legal authority indicating so.  (*Id.*).

---

[1] Defendant has also filed a "supplemental affidavit with exhibits in support of dismissal."  (Doc. 106).  Because Local Rule CV-7(c) requires all authority for a motion to be cited in the motion, and the Government has not filed a response to which Defendant's "supplemental affidavit" could be considered a reply, the Court will not consider the merits of the "supplemental affidavit."  *See* Local Court Rule CV-7(c).

Indeed, Defendant's arguments are reminiscent of the typical bogus "sovereign citizen" defenses to Government prosecution. *Vidal v. Bd. of Pardons & Paroles*, No. 3:20-cv-1507-X-BN, 2020 WL 4678437, at *1 (N.D. Tex. June 15, 2020) (referring to individual's self-proclaimed status as "beneficiary" of a "trust" as "sovereign citizen language").   For example, his claim that the Government's prosecutors, Magistrate Judge David B. Fannin, to whom this case is referred, and District Judge David Counts, are all required to produce documents denoting their ability "to be in their present employment positions" is absurd.  (Doc. 91 at 3).  Defendant's sole source of authority for any alleged such mandate is the Foreign Agent Registration Act of 1938.  (*Id.*).

These arguments are woefully unconvincing.  Construing Defendant's vague assertions liberally, even if the Foreign Registration Act of 1938 did require any of the judicial officers involved to have proper documentation of their official capacities readily available for a party's viewing, the Court has not detected—and Defendant has not cited—any authority indicating a mandate for said officers to supply one to a party upon request.  Indeed, Defendant's Motion to Dismiss fails to provide any substantive reason to believe that either Judge Counts or Judge Fannin possess any duty to confirm their authority before making a ruling in this or any other matter.  The Local Rules mandate that "[a]ny legal authority in support of a motion must be cited in the motion."  Local Court Rule CV-7(c).  Absent sufficient legal authority or its analysis, the Court would be constrained to grant any relief.  *See Birch-Min v. Middlesex Cnty. Bd. of Soc. Servs.*, No. 14-476, 2014 WL 1092841, at *2 (D.N.J. Mar. 18, 2014) (denying motion where movant "ha[d] not provided any factual basis or legal authority to support their argument").

Further impinging upon the credibility of Defendant's Foreign Registration Act of 1938 argument is the fact that he has filed several motions with this Court seeking various forms of relief.  (Docs. 23, 24, 26, 29, 38, 91, 92).  If this Court and its judicial officers are without

authority to act in this matter, certainly this would include the provision of relief in Defendant's favor as well. *See Westfall v. Davis*, No. 7:18-cv-00023-O-BP, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018) ("Sovereign citizens often attempt to use these beliefs to avoid paying taxes, extinguish debts, and derail criminal proceedings. However, these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse.") (citations and quotation marks omitted).  The Court refuses to go spelunking through Defendant's cave of misery on a self-guided search to find itself unable to provide Defendant relief under this statute. *See Sartori v. Susan C. Little & Assocs., P.A.*, No. 2:11CV169-P-V, 2012 WL 12788885, at *1 (N.D. Miss. Jan. 5, 2012) (finding pending motion "not well taken" where movant did not offer legal authority in support of the motion).

Defendant eventually does reference the constitutional provision allegedly providing him with protection under color of law, specifically, the First Amendment to the United States Constitution. (Doc. 91 at 4).  Defendant makes additional notes of 42 U.S.C. § 1981 as a ground for relief.  Again, with each of these provisions, the Motion to Dismiss is entirely devoid of any analysis or explication as to how Defendant's rights were allegedly violated.  Under the guidance of Local Rule CV-7(c), the Court is hard-pressed to allocate relief to Defendant where his motion on its face runs afoul of the burden of persuasion.

Defendant's persistent attempts to engage in total war with the Judiciary are whittling down his options—the only foreseeable outcome for Defendant is attrition.  Accordingly, the Court cannot rule in Defendant's favor.

For these reasons, the Court **DENIES** Defendant's Motion to Dismiss.  (Doc. 91).

It is so **ORDERED**.

SIGNED this 24th day of August, 2022.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE