IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL., § § §<br>  *Plaintiff*, § §<br>v.  § §  No. PE:20-CV-00046-DC-DF<br> § §<br>MICHAEL MARC TRAVALINO, § §<br>aka "MARK WHITE EAGLE", § §<br>  *Defendant*. § § | |

### ORDER

BEFORE THE COURT is the United States of America's Motion for Destruction of Evidence (hereafter, "Motion for Destruction") (Doc. 109) and Second Motion for Extension of Time to File Additional Briefing (hereafter, "Second Motion for Extension of Time") (Doc. 118). This case is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636, and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges.

The following is hereby **ORDERED**:

**A.      Second Motion for Extension of Time**

The Second Motion for Extension of Time is **GRANTED**. (Doc. 118). As stated in the Court's Order for Additional Briefing (Doc. 115), the Court finds it necessary to request supplemental briefing from the Government on the following matters:

(1) Statutory authority for initiating forfeiture proceedings[1] for the mail fraud and wire fraud in this matter. Additionally, explanation as to whether forfeiture proceedings have been initiated, and if they have been, the status on such forfeiture proceedings.

---

1. *See United States v. Bacon*, 546 F. App'x 496, 501 (5th Cir. 2013) (unpublished) ("The forfeiture of derivative contraband is subject to statutory authorization and judicial scrutiny."); *see also Cooper v. City of Greenwood*, 904 F.2d 302, 305 (5th Cir. 1990) (denoting that an individual's property interest in derivative contraband "is not extinguished automatically if the item is put to unlawful use").

(2) Itemized indications as to which seized items (1) contain illicit material or substances which can be classified as contraband per se and can be reasonably separated from their containers; (2) contain illicit material or substances which can be classified as contraband per se and cannot be reasonably separated; (3) do not contain illicit material or substances which can be classified as contraband per se but can be classified as derivative contraband; and (4) do not contain illicit material or substances which can be classified as either contraband per se or derivative contraband.

(3) Authority under which any illicit material can be classified as contraband per se, if any.

Such additional briefing as outlined in the Court's initial Order for Additional Briefing (Doc. 115) and reiterated immediately above must be filed by **April 3, 2023**.

**B.    Additional Supplemental Briefing**

Separately from the briefing outlined in the Court's initial Order for Additional Briefing (Doc. 115) and reiterated above, the Court finds it necessary to also request supplemental briefing from the Government on the following matters:

(1) Whether, if at all, an applicable statute specifically controls destruction of Defendant's property at issue in the Government's Motion for Destruction (Doc. 109), i.e. a statute relating to the destruction of derivative contraband seized in an investigation of mail fraud and wire fraud;[2]

---

2. An example is *United States v. Rodriguez*, No. EP-08-CR-1865-PRM, 2011 WL 5854369, at *9 (W.D. Tex. Feb. 18, 2011). In *Rodriguez*, the Government had requested the court to "issue an order to destroy [seized] firearms, with no compensation to be made" pursuant to the All Writs Act, 28 U.S.C. § 1651. *Id.* at *8. The court observed that an "indispensable doctrinal principle" is that "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* at *9 (citing *Carlisle v. United States*, 517 U.S. 416 (1996)) (quotation marks omitted). Finding that statutes authorized forfeiture proceedings for firearms, allowing their eventual destruction, the court neglected to apply the All Writs Act. *Id.* at *11. If it is conceded that no statute exists or a court is unable to locate otherwise, the court may utilize the All Writs Act where appropriate. *See, e.g.*, *United States v. DiFrancesco*, No. CR 08-22-BU-DLC, 2021 WL 4458842, at *3 (D. Mont. Sept. 29, 2021).

(2) Whether, if at all, application of the All Writs Act, 28 U.S.C. § 1651, would be warranted in resolving the Motion for Destruction (Doc. 109).[3]

Such separate additional briefing as outlined immediately above in this Order must be filed by **January 11, 2023**.[4]

It is so **ORDERED**.

SIGNED this 28th day of December, 2022.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

---

3. The All Writs Act reads in part: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The All Writs Act provides courts "with various common law equity devices to be used incidental to the authority conferred on the court by rule or statute" and "is necessary because federal courts, being courts of limited jurisdiction, would not otherwise possess the tools necessary to implement their jurisdictional grants." *ITT Comm. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978). Where "no statute specifically controls destruction of the property at issue," and the alleged property owner "has no lawful entitlement" to the property, the All Writs Act can provide courts with authority to destroy the property. *See DiFrancesco*, 2021 WL 4458842, at *3. If otherwise applicable, the All Writs Act can be invoked even where the seized property is derivative contraband, and where the Government's proceedings which substantiated the basis for the seizure—here, a pending criminal investigation, since terminated—have concluded. *See id.* at *2.

4. If the Court orders the destruction of the property at issue as a result of the briefing pertaining to the All Writs Act requested in this Order, naturally, such action would obviate the need for the Government to supply the briefing requested in the Court's initial Order for Additional Briefing (Doc. 115).