IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, EX REL.;** | § § | |
| *Plaintiff*, | § § | |
| v. | § § | No. PE:20-CV-00046-DC-DF |
| **MICHAEL MARC TRAVALINO,** aka "MARK WHITE EAGLE," | § § § | |
| *Defendant*. | § | |

## ORDER

BEFORE THE COURT is the United States of America's Motion for Destruction of Evidence (hereafter, "Motion for Destruction"). (Doc. 109). This case is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636, and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Motion for Destruction shall be **GRANTED IN PART**. (Doc. 109).

### I.   BACKGROUND

On June 1, 2020, the Government brought the instant action against Defendant Michael Marc Travalino aka "Mark White Eagle" ("Defendant") pursuant to 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345, alleging that Defendant violated federal mail and wire fraud statutes. (Doc. 1). On June 2, 2020, the Government seized "a number of evidentiary items" relating to Defendant's "supposed gourd and 'herbal' drug bazaar." (Docs. 28 at 2; 87 at 24). Many if not all of these items were documented on an Inventory of Evidence. (Doc. 38 at 7–12).

Defendant filed a Third Amended Motion for Return of Seized Property (hereafter, "Motion for Return") on December 27, 2021. (Doc. 38). On July 5, 2022, the undersigned released a Report and Recommendation, in which he recommended District Judge David Counts deny Defendant's Motion for Return and grant the Government's oral Motion for Conversion. (Doc. 87). Additionally,

the undersigned concluded in the Report and Recommendation that the seized items were "undisputedly contraband." (*Id.* at 11–14). Given this conclusion, the undersigned recommended the Motion for Return be denied because "Defendant . . . failed to meet his burden of showing a lawful entitlement to [the] property." (*Id.* at 14).

On July 21, 2022, the Government filed an advisory, informing the Court that it did not anticipate pursuing federal criminal charges against Defendant for the enjoined conduct. (Doc. 90). This advisory markedly did not affect the Government's pursuit of the relief requested in the instant case's Complaint for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction (hereafter, "Complaint"). (*See id.*; *see also* Doc. 1).

The District Judge entered an order adopting the Report and Recommendation in full on July 28, 2022. (Doc. 95). Along with denying Defendant's Motion for Return, the District Judge granted the Government's Motion for Conversion. (*Id.* at 3). On August 4, 2022, the District Judge entered a permanent injunction against Defendant for various activities relating to violations of the federal mail and wire fraud statutes. (Doc. 104).

On August 17, 2022, the Government filed the instant Motion for Destruction. (Doc. 109). To date, Defendant has made no response.

On December 28, 2022, the Court ordered the Government to provide additional supplemental briefing on, in part, whether an applicable statute specifically controls the destruction of the property at issue in this case. (Doc. 119 at 2). The Government provided such briefing on January 10, 2023 (hereafter, "Additional Supplemental Briefing"). (Doc. 120).

## II.   DISCUSSION

The Court finds that the Government should be authorized to destroy the seized contraband. The undersigned found that the items seized constituted derivative contraband, a conclusion which was subsequently adopted by the District Judge. (Docs. 87 at 12–13; 95). An individual's property interest in derivative contraband, as opposed to per se contraband, "is not extinguished automatically

if the item is put to unlawful use." *Cooper v. City of Greenwood*, 904 F.2d 302, 305 (5th Cir. 1990). Depriving an individual of all ownership interest in an item of derivative contraband would require statutory authorization and the instigation of proper forfeiture proceedings. *United States v. Bacon*, 546 F. App'x 496, 501 (5th Cir. 2013) (unpublished) ("The forfeiture of derivative contraband is subject to statutory authorization and judicial scrutiny.").

A defendant must establish an ownership interest in contraband, however, in order to necessitate forfeiture proceedings, else there is nothing to forfeit. *United States v. One 1984 Pontiac Firebird*, No. 90-35331, 1991 WL 36290, at *1 (9th Cir. Mar. 13, 1991) (unpublished) (observing that a purported owner "has no standing to raise these claims" since he failed to establish an ownership interest in the seized property). The undersigned concluded that Defendant in this case "failed to meet his burden of showing a lawful entitlement" to the seized items. (Doc. 87 at 14). The District Judge adopted the undersigned's conclusion in adopting the Report and Recommendation. (*See* Doc. 95). Defendant has at no point since the release of the Report and Recommendation on July 5, 2022, attempted to counter this by arguing that he does indeed have a lawful entitlement to the seized items. Therefore, the Court maintains its position that Defendant has no lawful entitlement to the derivative contraband seized by the Government.

The Government has exclaimed that it does not intend to pursue criminal charges against Defendant for his allegedly criminal conduct. (Doc. 90). With the seized items still in its possession, the Government now requests through its Motion for Destruction authorization to destroy them. (Doc. 109). Motions to destroy property are typically accompanied by other specific statutory authority, as no statutory framework exists to govern such motions. *See United States v. Wilson*, No. 4:15-CR-3002, 2017 WL 5897392, at *2 (D. Neb. Nov. 29, 2017). The statutory authority upon which the Government relied in seizing Defendant's contraband is the wire and mail fraud statutes, codified at 18 U.S.C. §§ 1341, 1343. (Doc. 1). Notably, neither statute contains express authority for the Government or courts to retain or dispose of derivative contraband used to violate the statutes.

The Government's Motion for Destruction is devoid of authority on the matter, and the Court detects no statutory authorization otherwise.[1]

As emphasized immediately above, returning the contraband to Defendant would allow Defendant to re-engage in his purported mail and wire fraud. The Court would be entirely remiss in its duty to protect the public from fraud if it permitted such a circumstance to occur. At the same time, the Government cannot be required to retain the property without destroying it in perpetuity at the taxpayer's expense. The property seized and which did and could serve to buttress Defendant's illicit emporium must not be returned to Defendant. This much is clear. Thus, the question becomes one of how the Government should be allowed to destroy the seized items.

The Motion for Destruction itself as noted above lacks authority on which the Court can rely to authorize the destruction of the seized property. In the Government's Additional Supplemental Briefing, the Government cites two pieces of authority: Federal Rule of Criminal Procedure 41(g), and the All Writs Act, 28 U.S.C. § 1651(a). (Doc. 120 at 4–7).

**A.      Federal Rule of Criminal Procedure 41(g)**

In citing Federal Rule 41(g), the Government contends that the rule authorizes the destruction of the seized property, quoting:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

(Doc. 120 at 4) (citing Fed. R. Crim. P. 41(g)).

---

1. The Court observes that the Government has not instituted forfeiture proceedings in this case. Because the items the Government seeks to destroy are derivative contraband, both statutory authority and forfeiture proceedings are ordinarily to be required, even if a motion to have the seized property returned has already been denied. However, as the undersigned previously concluded, Defendant has stated an intention to utilize the property as part of his illicit business. DOCS XXX. The undersigned also concluded, and the District Judge agreed, that Defendant's request to have the derivative contraband return is denied.

Federal Rule 41(g), however, does not provide the Court with the ability to authorize the destruction of the seized items. Rather, it entails only the ability of a person whose property was seized to move for the return of said property if the seizure was unlawful. Defendant's motions to return the seized items have already been dealt with. (Docs. 38, 87, 95). Therefore, the Court cannot rely upon Federal Rule 41(g) to dispose of the Motion for Destruction.

**B.      All Writs Act**

Because Federal Rule 41(g) is inapplicable here, the Court turns to the All Writs Act (the "Act"). The Government maintains that the statute will permit the Court to "authorize the United States to destroy this property which was seized during a criminal investigation and in which there is no claim of lawful possession." (Doc. 120 at 7). The All Writs Act states that courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The Act provides courts "with various common law equity devices to be used incidental to the authority conferred on the court by rule or statute" and "is necessary because federal courts, being courts of limited jurisdiction, would not otherwise possess the tools necessary to implement their jurisdictional grants." *ITT Comm. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 (5th Cir. 1978). An "indispensable doctrinal principle" is that "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *United States v. Rodriguez*, No. EP-08-CR-1865-PRM, 2011 WL 5854369, at *9 (W.D. Tex. Feb. 18, 2011) (citing *Carlisle v. United States*, 517 U.S. 416, 429 (1996)) (quotation marks omitted).

Conversely, where "no statute specifically controls destruction of the property at issue," and the alleged property owner "has no lawful entitlement" to the property, the Act can provide courts with authority to order the property's destruction. *See United States v. DiFrancesco*, No. CR 08-22-BU-DLC, 2021 WL 4458842, at *3 (D. Mont. Sept. 29, 2021). If otherwise applicable, the Act can be invoked even where the seized property is derivative contraband, and where the Government's

proceedings which substantiated the basis for the seizure—here, a pending criminal investigation, since terminated—have concluded. *See id.* at *2. If it is conceded that no statute exists and a court is unable to locate otherwise, the court may utilize the Act where appropriate. *See, e.g.*, *id.* at *3.

Invocation of the All Writs Act involves an examination of whether a statute specifically controls the destruction of the seized items. As already discussed, in this case, Federal Rule 41(g) does not provide statutory authority for the destruction of the seized derivative contraband. The Government has presented no additional statutory authority, and otherwise concedes that it "has been unable to identify any statutory authority specifically address[ing] the disposal" of the items. (Doc. 120 at 6). The Court has not located any statutes mandating a procedure for the destruction of derivative contraband seized in an investigation of mail fraud and wire fraud and to which the defendant has not established an ownership interest. Therefore, the Court can only conclude that no statutory authority controls in this scenario. *See United States v. Back*, No. 1:05-cr-160-1, 2010 WL 11677060, at *2 (S.D. Ohio Feb. 22, 2010).

The Court concludes that the All Writs Act is necessary to authorize the Government to dispose of the seized items in this case. Defendant failed to meet his burden of establishing a lawful entitlement to any of the 105 seized items, as the items were found to be derivative contraband. Defendant additionally has stated that he would continue his enjoined business, effectively admitting he would continue to utilize the items in his illicit derivative contraband scheme. Thus, the Government continues to have a legitimate reason to retain the items. Public policy, equity, and the general principles of law would clearly support the Government destroying items to which no person has a lawful entitlement, and which are currently kept in a warehouse at the taxpayer's expense. (Doc. 120 at 4).

As a final matter, in the Motion for Destruction, the Government notes that it intends to return to Defendant certain seized "documents." (Doc. 109 at 3). Defendant has not contested any part of the Motion for Destruction. The Court further concludes that the Government may return any

such documents to Defendant as it sees fit. However, the Court's invocation of the All Writs Act will include authorization of the destruction of any and all documents as seized. *See United States v. DiFrancesco*, No. CR 08-22-BU-DLC, 2021 WL 4458842, at *3 (D. Mont. Sept. 29, 2021).

Therefore, it is **ORDERED**:

The Government's Motion for Destruction shall be **GRANTED IN PART**. (Doc. 109).

Pursuant to 28 U.S.C. § 1651(a), all items seized by the Government in connection with the instant case may be destroyed by the Government.

Any documents seized which the Government seeks to return to Defendant shall be returned via certified mail to his last known address, P.O. Box 1341, Alpine, Texas 79831, by **January 27, 2023**.

It is so **ORDERED**.

SIGNED this 13th day of January, 2023.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE